IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ACCOR FRANCHISING : |  |
| NORTH AMERICA, LLC, et al., : |  |
|     Plaintiffs : |  |
| : | No. 1:11-cv-02176 |
| v. : |  |
| : | (Chief Judge Kane) |
| HI HOTEL GROUP, : |  |
| LLC, et al., : |  |
|     Defendants : |  |

**MEMORANDUM**

Plaintiffs G6 Hospitality Franchising, LLC, G6 Hospitality IP, LLC, G6 Hospitality, LLC, and Motel 6 Operating LP, move the Court to issue a temporary restraining order enjoining Defendant 1450 Hospitality PA, LLC and its members, agents, servants, attorneys, and other representatives from selling, refinancing, or otherwise encumbering the real property located at 1450 Harrisburg Pike, Carlisle, Pennsylvania, until the Court holds a previously-scheduled hearing on Plaintiffs' motion for a preliminary injunction seeking the same relief. (Doc. No. 96.) For the reasons that follow, the Court will deny the motion.

**I.    BACKGROUND**

Defendant 1450 Hospitality PA, LLC purchased the real property at issue from Defendant HI Hotel Group, LLC on September 27, 2011. (Doc. No. 88 ¶ 4.) At the time of the sale, the property was in breach of a Motel 6 franchising agreement that Defendant HI Hotel Group had previously entered into with Plaintiff G6 Hospitality Franchising, LLC. (Id. ¶¶ 1, 2, 3.) After purchasing the property, Defendant 1450 Hospitality continued to operate the property as a Motel 6, despite their lack of authority to conduct business using the Motel 6 trademarks. (Id. ¶¶ 5, 6.) On November 21, 2011, Plaintiffs filed a lawsuit in this Court, alleging that

1

Defendants HI Hotel Group and 1450 Hospitality had infringed Plaintiffs' Motel 6 trademarks, and sought damages under the Lanham Act and Pennsylvania common law. (Doc. No. 1.) Plaintiffs now move the Court to issue a temporary restraining order requiring Defendant 1450 Hospitality to forbear from selling, refinancing, or encumbering the property at issue to protect the money damages they expect to eventually receive from Defendants at the conclusion of the lawsuit.

## II. DISCUSSION

A plaintiff may move for a temporary restraining order pursuant to Federal Rule of Civil Procedure 65(b). The standard for granting a temporary restraining order consists of the same four-part inquiry used to evaluate whether the Court should issue a preliminary injunction: (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the non-moving party; and (4) whether granting the preliminary relief will be in the public interest. United States v. Bell, 414 F.3d 474 (3d Cir. 2005). Although the Court must balance all four factors to determine whether it should order injunctive relief, as a practical matter, the movant must satisfy the first two factors or its motion will fail. Oburn v. Shapp, 521 F.2d 142, 147 (3d Cir. 1975). The movant bears the burden of establishing that each element weighs in his favor. P.C. Yonkers, Inc. v. Celebrations the Party & Seasonal Superstore, LLC, 428 F.3d 504, 508 (3d Cir. 2005).

### A. Likelihood of success on the merits

The Court turns to the first prong, which requires that Plaintiffs demonstrate that they are likely to succeed on the merits of their claims. Plaintiffs' complaint alleges that Defendant 1450

Hospitality violated Sections 1114(1), 1117, and 1125(a) of the Lanham Act, which also constituted trademark infringement under Pennsylvania common law.  (Doc. No. 1.)  To prevail on its claims under the Lanham Act, Plaintiffs must establish the following: (1) that the mark is valid and legally protectable; (2) that Plaintiffs owns the mark; and (3) that Defendants' unauthorized use of the mark is likely to cause confusion.  See Kos Pharms., Inc. v. Andrx Corp., 369 F.3d 700, 711 (3d Cir. 2004).  Plaintiff must make out the same elements to establish trademark infringment under Pennsylvania common law.  R.J. Ants, Inc. v. Marinelli Enterprises, LLC, 771 F. Supp. 2d 475, 489 (E.D.Pa. 2011).

Plaintiffs argue that they are likely to succeed on the merits of their claims against Defendant 1450 Hospitality because they have satisfied the first two elements of their Lanham Act claim:  Defendants stipulate that Plaintiff G6 Hospitality IP is the owner of the federally-registered trademarks at issue, and the trademark is valid and incontestable.  (Doc. No. 88 ¶ 18.)  Moreover, Plaintiffs further assert that they have satisfied the final element of their Lanham Act claim: that Defendant 1450 Hospitality's use of the mark was likely to cause confusion. Plaintiffs point to  Defendants' stipulation that Defendant 1450 Hospitality operated the property at issue with Motel 6 trademarks.  (Id. ¶ 5.)  Thus, because Defendant 1450 used the exact same trademarks in commerce for the sale of the exact same services that Plaintiffs offered, Plaintiffs submit that the risk of confusion among consumers was substantial under the relevant caselaw. See S&R Corp. v. Jiffy Lube Intern, Inc., 968 F.2d 371, 375 (3d Cir. 1992).  Having submitted these averments for review, Plaintiffs urge the Court to find that they will likely succeed on the merits on their claims against Defendant 1450 Hospitality PA.

The Court agrees.  Assuming that Defendant 1450 Hospitality stipulated to the averments

3

cited in Plaintiffs' application for a temporary restraining order, the Court finds that Plaintiffs have carried their burden of demonstrating that they will likely succeed on the merits of their trademark infringement claims against Defendant 1450 Hospitality under the Lanham Act and, Pennsylvania common law. Defendants do not dispute that the marks are valid and incontestable, that Plaintiff G6 Hospitality IP owns the marks at issue, and that Defendant 1450 Hospitality used the exact same marks without permission following their purchase of the hotel from Defendant HI Hotel Group. The Court is satisfied that such use would likely to lead to confusion. See S&R Corp., 968 F.2d at 375. Accordingly, the Court finds that Plaintiffs have carried their burden of demonstrating that they will likely succeed on the merits against Defendant 1450 Hospitality.

**B.     Irreparable harm**

To obtain injunctive relief, the plaintiff must make a clear showing of "immediate irreparable injury" or a "presently existing actual threat." Acierno v. New Castle Cnty., 40 F.3d 645, 655 (3d Cir. 1994). As such, the plaintiff must show that it will suffer harm that cannot be sufficiently redressed following a trial on the matter. Id. at 653. In other words, issuing a preliminary injunction must be the only way to protect the plaintiff from harm. Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 801 (3d Cir. 1989). The United States Court of Appeals for the Third Circuit has recognized that in certain situations, the district court may issue a preliminary injunction in order to protect a future money damages remedy. Elliott v. Kiesewetter, 98 F.3d 47, 57 (3d Cir. 1996).

This remedy, however, may not be used in "run-of-the-mill damages actions." Hoxworth v. Blinder, Robinson & Co., Inc., 903 F.2d 186, 197 (3d Cir. 1990). Instead, for the district court

to take the unusual step of issuing a preliminary injunction solely on the basis of the plaintiff's likely right to economic damages, the plaintiff must show not only that it is likely to become entitled to the encumbered funds upon final judgment, but also that the plaintiff will probably be unable to recover those funds without the preliminary injunction. Kiesewetter, 98 F.3d at 57. In other words, the conduct must "rise[] to the level of consuming, dissipating, or fraudulently conveying assets that Hoxworth and Kiesewetter indicated was necessary for a finding of irreparable harm." Chicago Title Ins. Co. v. Lexington & Concord Search & Abstract, LLC, 513 F.2d 304, 320 (E.D.Pa. 2007). For example, in Hoxworth, a class action alleging securities fraud and civil RICO violations, the district court heard evidence that the defendants were transferring millions of dollars to foreign bank accounts before entering a preliminary injunction enjoining defendants from further encumbering or transferring any assets that might satisfy a potential judgment in the action. 903 F.2d at 192. Likewise, in Kiesewetter, the court was able to rely on a jury verdict finding the defendant guilty of fraud, unjust enrichment, and breach of fiduciary duty before entering a preliminary injunction order freezing his assets pending the court's entry of judgment. 98 F.3d at 51-52. In light of these cases, the Court now turns to whether Plaintiffs' averments necessitate finding "irreparable harm."

Plaintiffs aver that Defendant Zaver's counsel represented during a settlement conference held on May 2, 2013, that Zaver, an employee of Defendant 1450 Hospitality, and a member of Defendant HI Hotel Group, is "trying to organize a group of investors to purchase the motel from defendant 1450 Hospitality as soon as possible." (Doc. No. 88 ¶ 12.) Plaintiffs further aver that Defendant Zaver's counsel "represented that the proposed transaction would require financing in the form of a new mortgage for an amount that would be greater than the current $1.6 million

mortgage." (Id.) Plaintiffs also assert that Defendant Zaver's counsel made similar representations to Plaintiffs' counsel in an email sent on May 22, 2013. (Id. ¶ 13.)

In light of these averments, Plaintiffs submit that they will suffer irreparable harm if Defendant 1450 Hospitality sells the property because the difference between the property's current value and the current mortgage represents equity that could satisfy a judgment in their trademark action against Defendant 1450 Hospitality. (Id. ¶ 16.) Plaintiffs therefore urge the Court to enjoin Defendant 1450 Hospitality from taking any action with respect to the property until the Court conducts a previously-scheduled hearing on Plaintiffs' preliminary injunction motion seeking the same relief. (Id. ¶¶ 17, 18.)

The Court is not persuaded. Plaintiffs point to no support for their argument that the only funds available to satisfy a likely judgment against Defendants would likely dissipate before trial. Instead, their motion rests on the unsworn averments of the attorney for Defendants HI Hotel Group, Navnital B. Zaver, and Shailesh Patel – the same attorney who, it must be noted, withdrew as counsel for Defendants 1450 Hospitality, Priyesh K. Shah, and Indrajit Patel, claiming that they failed to participate in their defense following the completion of discovery or communicate with him in any fashion. (Doc. No. 85 ¶ 2.) At core, Plaintiffs' irreparable injury rests on Defense counsel's belief that his client, who is an employee of 1450 Hospitality, accurately maintains that 1450 Hospitality's owners – who are not in communication with Defense counsel – are attempting to refinance or sell the property at issue, and, that these funds would be the only means by which Defendant 1450 Hospitality could satisfy a judgment in this case. The Court therefore finds this situation does not present the same set of circumstances faced in Hoxworth and Kiesewetter. Accordingly, the Court finds that Plaintiffs' averments are

insufficient to support a finding of irreparable injury at this stage.

### C. Greater harm

Even were the Court able to find that Plaintiffs would suffer irreparable harm without the temporary restraining order, Plaintiffs must also convince the Court that issuing the order would not cause the non-moving party even greater harm. In other words, the Court must balance the relative hardships likely to be borne by each party. Opticians Ass'n of Am. v. Indep. Opticians of Am., 920 F.2d 187, 197 (3d Cir. 1990). As aptly noted by the Third Circuit, "a defendant – even an unsavory one – is harmed more than necessary by an injunction encumbering far more of its assets than are at stake in the underlying litigation." Hoxworth, 903 F.2d at 198. Thus, before issuing a temporary restraining order encumbering the assets of a defendant to protect a future money judgment, the Court must make "some attempt" to reasonably relate the value of the encumbered assets to the value of the expected judgment. Chicago Title Ins. Co., 513 F.2d at 321. Although the Third Circuit does not require that district courts make an "extended effort to match the value of assets encumbered to the expected value of the judgment dollar for dollar," the district court must attempt to "tailor the scope of the injunction to the likely size of the judgment." Hoxworth, 903 F.2d at 199. Thus, the Court turns to whether Plaintiffs' proposed order is sufficiently tailored to the assets at stake in this case.

Plaintiffs aver that the equity to be encumbered by the injunction is between $400,000 and $1,400,000 – a figure that assumes the current value of the motel is between $2,000,000 and $3,000,000. (Doc. No. 88 ¶ 20.) Plaintiffs assert that because they are entitled to recover treble damages resulting from Defendants' intentional infringement under Section 1117(a) of the Lanham Act, and Section 1117(c) permits them to recover up to $2,000,000 per trademark

7

infringed by the Defendants, the scope of the temporary restraining order is appropriate.

Plaintiffs' averments suffer from generalization. Although Plaintiffs have sued several parties in this action – HI Hotel Group, Navnital B. Zaver, Shailesh Patel, 1450 Hospitality, Priyesh K. Shah, and Indrajit Patel – Plaintiffs do not specify the amount of damages they are likely to receive from Defendant 1450 Hospitality. (Id.) Instead, Plaintiffs refer to the damages they are likely to gain from the Defendants as a group. (Id.) Given the Third Circuit's mandate that district courts "estimate the probable amount of the final judgment" against the defendant whose assets are to be encumbered, the Court finds that Plaintiffs' averments do not allow the Court to readily estimate the probable amount of a final judgment against Defendant 1450 Hospitality. Moreover, even if Plaintiffs had provided support for the probable amount of damages against Defendant 1450 Hospitality, Plaintiffs nevertheless fail to reasonably specify the amount of assets to be frozen. Plaintiffs' submission of the probable amount of equity to be encumbered by the order – a number between $400,000 and $1,400,000 – does not allow the Court to "match the scope of the injunction" to the "most probable size of the likely judgment." See Hoxworth, 903 F.2d at 199. For these reasons, the Court finds that Plaintiffs have failed to show that Defendant 1450 Hospitality would not suffer unnecessary harm by entry of Plaintiffs' proposed restraining order. See Hoxworth, 903 F.2d at 198 (noting that a defendant "is harmed more than necessary by an injunction encumbering far more of its assets than are at stake in the underlying litigation").

### D. Public interest

The fourth prong of the Court's analysis concerns whether issuing the temporary restraining order would further the public interest. Here Plaintiffs are seeking an order to protect

8

their money damages remedy from Defendant 1450 Hospitality's possible disposition of the property at issue. (Doc. No. 96.) Given that Plaintiffs have failed to make an adequate showing on the second and third prongs – irreparable injury and unnecessary harm – the Court need not proceed to analyze whether the public interest would be served by enjoining Defendant 1450 Hospitality from refinancing or selling the property at issue.

### E. Bond requirement

The applicant for a temporary restraining order must give security "in such sum as the court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). Although the amount of the bond is left to the discretion of the Court, the posting requirement is not. Hoxworth, 903 F.2d at 210. Absent circumstances in which there is no possibility that a defendant may be harmed by entry of the temporary restraining order, failure to require a plaintiff to post a bond constitutes reversible error. Id. ("No Third Circuit case of which we are aware has upheld a district court's excuse of the requirement."). Plaintiffs seek to be excused from this requirement. (Doc. No. 96 at 2.) Because the Court finds that Plaintiffs are not entitled to a temporary restraining order at this stage of the proceedings, the Court need not analyze whether Plaintiffs should be excused from the bond requirement.

## III. CONCLUSION

Plaintiffs fail to demonstrate to the Court that entry of a temporary restraining order is warranted by the facts of this case. Although the Court finds that Plaintiffs are likely to succeed on the merits of their claims against Defendant 1450 Hospitality, Plaintiffs have not presented sufficient facts showing either irreparable injury or unnecessary harm. Accordingly, the Court

9

declines to issue the requested temporary restraining order. An order consistent with this memorandum follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ACCOR FRANCHISING | : | |
| NORTH AMERICA, LLC, et al., | : | |
|     Plaintiffs | : | |
| | : | No. 1:11-cv-02176 |
| v. | : | |
| | : | (Chief Judge Kane) |
| HI HOTEL GROUP, | : | |
| LLC, et al., | : | |
|     Defendants | : | |

# **ORDER**

**AND NOW**, on this 14th day of June 2013, **IT IS HEREBY ORDERED THAT**

Plaintiffs' motion for a temporary restraining order (Doc. No. 96) is **DENIED**.

                                                s/ Yvette Kane
                                                Yvette Kane, Chief Judge
                                                United States District Court
                                                Middle District of Pennsylvania