IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ACCOR FRANCHISING NORTH :
AMERICA, LLC, et al., :
    Plaintiffs : No. 1:11-cv-02176
:
v. :
: (Chief Judge Kane)
HI HOTEL GROUP, LLC, et al., :
    Defendants :

## MEMORANDUM

Plaintiffs G6 Hospitality Franchising, LLC, G6 Hospitality IP, LLC, G6 Hospitality, LLC, and Motel 6 Operating LP, move the Court to issue a preliminary injunction enjoining Defendant 1450 Hospitality PA, LLC and its members, agents, servants, attorneys, and other representatives from selling, refinancing, or otherwise encumbering the real property located at 1450 Harrisburg Pike, Carlisle, Pennsylvania. (Doc. Nos. 88, 103.) The Court held a hearing on Plaintiffs' motion on June 18, 2013. For the reasons that follow, the Court will deny the motion.

### I. BACKGROUND

Defendant 1450 Hospitality PA, LLC purchased the real property at issue from Defendant HI Hotel Group, LLC on September 27, 2011. (Doc. No. 88 ¶ 4.) At the time of the sale, the property was in breach of a Motel 6 franchising agreement that Defendant HI Hotel Group had previously entered into with Plaintiff G6 Hospitality Franchising, LLC. (Id. ¶¶ 1, 2, 3.) After purchasing the property, Defendant 1450 Hospitality continued to operate the property as a Motel 6, despite their lack of authority to conduct business using the Motel 6 trademarks. (Id. ¶¶ 5, 6.) On November 21, 2011, Plaintiffs filed a lawsuit in this Court, alleging that Defendants HI Hotel Group and 1450 Hospitality had infringed Plaintiffs' Motel 6 trademarks,

1

and sought damages under the Lanham Act and Pennsylvania common law. (Doc. No. 1.) Plaintiffs now move the Court to issue a preliminary injunction ordering Defendant 1450 Hospitality to forbear from selling, refinancing, or encumbering the property at issue to protect the money damages they expect to eventually receive from Defendants at the conclusion of the lawsuit.

## II. DISCUSSION

To issue a preliminary injunction pursuant to Federal Rule of Civil Procedure 65(a), the Court must evaluate: (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the non-moving party; and (4) whether granting the preliminary relief will be in the public interest. United States v. Bell, 414 F.3d 474 (3d Cir. 2005). Although the Court must balance all four factors to determine whether it should order injunctive relief, as a practical matter, the movant must satisfy the first two factors or his motion will fail. Oburn v. Shapp, 521 F.2d 142, 147 (3d Cir. 1975). The movant bears the burden of establishing that each element weighs in his favor.[1] P.C. Yonkers, Inc. v. Celebrations the Party & Seasonal Superstore, LLC, 428 F.3d 504, 508 (3d Cir. 2005).

---

[1] In Plaintiffs' supplemental brief on their motion for a preliminary injunction, Plaintiffs argue that the burden of production on the question of irreparable harm should shift to Defendants because Plaintiffs have established a likelihood of success on the merits. (Doc. No. 103 at 2.) The Court disagrees. That presumption is unique to preliminary injunctions in patent cases. See Polymer Techs., Inc. v. Bridwell, 103 F.3d 970, 973 (Fed. Cir. 1996); H.H. Robertson, Co. v. United Steel Deck, 820 F.2d 384, 390 (Fed. Cir. 1987) (rev'd on other grounds) ("In matters involving patent rights, irreparable harm has been presumed when a clear showing has been made of patent validity and infringement."). Under Third Circuit precedent, the plaintiff bears the burden of production on all four elements required for a preliminary injunction. P.C. Yonkers, Inc. v. Celebrations the Party & Seasonal Superstore, LLC, 428 F.3d 504, 508 (3d Cir. 2005).

### A. Likelihood of success on the merits

First, the Court must determine whether Plaintiffs are likely to succeed on the merits of their claims. Plaintiffs' complaint alleges that Defendant 1450 Hospitality violated Sections 1114(1), 1117, and 1125(a) of the Lanham Act, which also constituted trademark infringement under Pennsylvania common law. (Doc. No. 1.) To prevail on their claims under the Lanham Act, Plaintiffs must establish the following: (1) that the mark is valid and legally protectable; (2) that Plaintiffs own the mark; and (3) that Defendants' unauthorized use of the mark is likely to cause confusion. See Kos Pharms., Inc. v. Andrx Corp., 369 F.3d 700, 711 (3d Cir. 2004). Plaintiffs must make out the same elements to establish trademark infringment under Pennsylvania common law. R.J. Ants, Inc. v. Marinelli Enterprises, LLC, 771 F. Supp. 2d 475, 489 (E.D. Pa. 2011).

Plaintiffs argue that they are likely to succeed on the merits of their claims against Defendant 1450 Hospitality because they have satisfied the first two elements of their Lanham Act claim: Defendants stipulated that Plaintiff G6 Hospitality IP is the owner of the federally-registered trademarks at issue, and that the trademark is valid and incontestable. (Doc. No. 88 ¶ 18.) Moreover, Plaintiffs further assert that they have satisfied the final element of their Lanham Act claim: that Defendant 1450 Hospitality's use of the mark was likely to cause confusion. Plaintiffs point to Defendants' stipulation that Defendant 1450 Hospitality operated the property at issue with Motel 6 trademarks. (Id. ¶ 5.) Thus, because Defendant 1450 Hospitality used the exact same trademarks in commerce for the sale of the exact same services that Plaintiffs offered, Plaintiffs submit that the risk of confusion among consumers was substantial under the relevant caselaw. See S&R Corp. v. Jiffy Lube Intern, Inc., 968 F.2d 371, 375 (3d Cir. 1992).

Having submitted these averments for review, Plaintiffs urge the Court to find that they will likely succeed on the merits on their claims against Defendant 1450 Hospitality.

The Court agrees. Assuming that Defendant 1450 Hospitality stipulated to the averments cited in Plaintiffs' application for a preliminary injunction, the Court finds that Plaintiffs have carried their burden of demonstrating that they will likely succeed on the merits of their trademark infringement claims against Defendant 1450 Hospitality under the Lanham Act and, Pennsylvania common law. Defendants do not dispute that the marks are valid and incontestable, that Plaintiff G6 Hospitality IP owns the marks at issue, and that Defendant 1450 Hospitality used the exact same marks without permission following their purchase of the hotel from Defendant HI Hotel Group. The Court is satisfied that such use would likely lead to confusion. See S&R Corp., 968 F.2d at 375. Accordingly, the Court finds that Plaintiffs have carried their burden of demonstrating that they will likely succeed on the merits against Defendant 1450 Hospitality.

**B.     Irreparable harm**

To obtain injunctive relief, the plaintiff must make a clear showing of "immediate irreparable injury" or a "presently existing actual threat." Acierno v. New Castle Cnty., 40 F.3d 645, 655 (3d Cir. 1994). As such, the plaintiff must show that it will suffer harm that cannot be sufficiently redressed following a trial on the matter. Id. at 653.[2] The United States Court of Appeals for the Third Circuit has recognized that in certain situations, the district court may issue a preliminary injunction in order to protect a future money damages remedy. Elliott v.

---

[2] "The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." Acierno v. New Castle Cnty., 40 F.3d 645, 653 (3d Cir. 1994).

Kiesewetter, 98 F.3d 47, 57 (3d Cir. 1996). This remedy, however, may not be used in "run-of-the-mill damages actions." Hoxworth v. Blinder, Robinson & Co., Inc., 903 F.2d 186, 197 (3d Cir. 1990). Instead, for the district court to take the unusual step of issuing a preliminary injunction solely on the basis of the plaintiff's likely right to economic damages, the plaintiff must show not only that it is likely to become entitled to the encumbered funds upon final judgment, but also that the plaintiff will probably be unable to recover those funds without the preliminary injunction. Kiesewetter, 98 F.3d at 57. In other words, the complained-of conduct must "rise[] to the level of consuming, dissipating, or fraudulently conveying assets that Hoxworth and Kiesewetter indicated was necessary for a finding of irreparable harm." Chicago Title Ins. Co. v. Lexington & Concord Search & Abstract, LLC, 513 F.2d 304, 320 (E.D. Pa. 2007).

Plaintiffs state in their supplemental brief that they have "presented evidence that no other assets exists and that defendants intend to sell the property in the very near future," and thus submit that they have demonstrated irreparable harm. (Doc. No. 103 at 3.) Yet, Plaintiffs' only evidence concerning Defendant 1450 Hospitality's assets consist of a "corporation search for assets of 1450 Hospitality," which revealed that its only asset is the property. Plaintiffs have not presented evidence concerning Defendants Patel and Shah's individual assets. Nor have Plaintiffs submitted any evidence suggesting that Defendants 1450 Hospitality, Patel, or Shah, intend to sell the property in the very near future and then conceal any assets gained in the sale in an effort to evade a potential judgment. Although Plaintiffs argue in their supplemental brief that the fact there are "close relations on both sides of the proposed imminent transaction" means it is likely that Defendants will conceal some or all of the sale proceeds (Id.), Plaintiffs fail to

5

support this claim with any evidence.

During the hearing on Plaintiffs' motion for a preliminary injunction, Plaintiffs' counsel represented that their assertion that the only funds available to satisfy a potential judgment consist of the equity in the property rests on Defense counsel's representations that Defendant 1450 Hospitality's only asset is the property, and the corporation search for Defendant 1450 Hospitality's assets. Moreover, on questioning, Plaintiffs' counsel explained that their representation that the equity in the property would be squandered or dissipated rather than fulfilling any judgment was based entirely on counsel's personal experience as a litigation attorney in attempting to execute on judgments. Plaintiffs' counsel disclaimed any personal knowledge concerning the individual defendants' assets. Nor could Plaintiffs' counsel support his assertion that any judgment against the individual defendants would go unexecuted were the Court to decline to issue the requested preliminary injunction, apart from his past experience executing judgments against individual defendants.

Given the high bar set by the Third Circuit in Hoxworth and Kiesewetter, the Court finds that Plaintiffs have not adequately demonstrated irreparable harm. Although Plaintiffs argue that they will likely fail to collect on any judgment were the Court to decline to issue the requested relief, Plaintiffs have not established that Defendants 1450 Hospitality, Shah, or Patel, are likely to sell the property and conceal the proceeds in an effort to evade any potential judgment. Although the Court is sensitive to Plaintiffs' concerns for the "collectability" of any potential judgment, the Court is also mindful that risk exists in every case, yet issuing a "preliminary injunction is an extraordinary remedy." See Winter v. Nat. Res. Defense Council, Inc., 555 U.S. 7, 24 (2008). On review of the evidence presented to the Court, Plaintiffs have not adequately

demonstrated to the Court that they will suffer irreparable harm absent the issuance of the requested preliminary injunction.

### C. Greater harm

Even were the Court able to find that Plaintiffs would suffer irreparable harm without the preliminary injunction, Plaintiffs must also convince the Court that issuing the order would not cause the non-moving party even greater harm. In other words, the Court must balance the relative hardships likely to be borne by each party. Opticians Ass'n of Am. v. Indep. Opticians of Am., 920 F.2d 187, 197 (3d Cir. 1990). As aptly noted by the Third Circuit, "a defendant – even an unsavory one – is harmed more than necessary by an injunction encumbering far more of its assets than are at stake in the underlying litigation." Hoxworth, 903 F.2d at 198. Thus, before issuing a preliminary injunction to protect a future money judgment, the Court must make "some attempt" to reasonably relate the value of the encumbered assets to the value of the expected judgment. Chicago Title Ins. Co., 513 F.2d at 321.

Plaintiffs' brief in support of their motion for a preliminary injunction contains averments concerning the amount of equity to be encumbered by the injunction. In their brief, Plaintiffs aver that the equity to be encumbered by the injunction is between $400,000 and $1,400,000 – a figure that assumes the current value of the motel is between $2,000,000 and $3,000,000. (Doc. No. 88 ¶ 20.) Plaintiffs assert that because they are entitled to recover treble damages resulting from Defendants' intentional infringement under Section 1117(a) of the Lanham Act, and Section 1117(c) permits them to recover up to $2,000,000 per trademark infringed by the Defendants, the scope of the preliminary injunction is appropriate. During the hearing, Plaintiffs represented that its damages against Defendants 1450 Hospitality would likely total $480,000,

7

and, that Defendant 1450 Hospitality has approximately $500,000 in equity in the property.

Given the Third Circuit's mandate that district courts "estimate the probable amount of the final judgment" against the defendant whose assets are to be encumbered, the Court finds that Plaintiffs' averments and testimony do not allow the Court to readily estimate the probable amount of a final judgment against Defendants 1450 Hospitality, Shah, or Patel. At the hearing, Plaintiffs' representative conceded that they will likely seek more in damages against Defendant 1450 Hospitality than the number submitted to the Court for calculating the scope of the preliminary injunction. At this stage of the proceedings, the Court finds that Plaintiffs have not submitted adequate evidence concerning either the value of the potential judgment, or the amount of assets that would be encumbered by enjoining Defendant 1450 Hospitality or its agents from selling the property.

After reviewing Plaintiffs' brief in support of its motion for a preliminary injunction, its supplemental brief, and the evidence presented at the preliminary injunction hearing,[3] the Court finds that Plaintiffs have failed to show that Defendants 1450 Hospitality or its agents would not suffer unnecessary harm by entry of Plaintiffs' proposed preliminary injunction. See Hoxworth, 903 F.2d at 198 (noting that a defendant "is harmed more than necessary by an injunction encumbering far more of its assets than are at stake in the underlying litigation").

---

[3] During the hearing, Plaintiffs cited Karakozova v. University of Pittsburgh as standing for the proposition that the potential harm to the non-movant is minimal when the preliminary injunction merely requires the preservation of the status quo. No. 09-cv-0458, 2009 WL 1652469, at *4 (W.D. Pa. June 11, 2009). The Court finds Plaintiffs' citation of this case misplaced. In Karakozova, the plaintiff sought a preliminary injunction to retain her employment until she could exhaust her administrative remedies in her action for employment discrimination, because otherwise she would face immediate deportation to Russia. Id. Thus, the balance of harms in Karakozova was quite different than the threatened economic loss faced by Plaintiffs in this case.

### D. Public interest

The fourth prong of the Court's analysis concerns whether issuing the preliminary injunction would further the public interest. Here, Plaintiffs are seeking an order to protect their money damages remedy from Defendant 1450 Hospitality's possible disposition of the property at issue. Given that Plaintiffs have failed to make an adequate showing on the second and third prongs – irreparable injury and unnecessary harm – the Court need not proceed to analyze whether the public interest would be served by enjoining Defendant 1450 Hospitality from refinancing or selling the property at issue.

### E. Defendants' failure to oppose Plaintiffs' motion

Apart from arguing that they are entitled to a preliminary injunction for the reasons previously discussed, Plaintiffs also argue that they are entitled to the injunction solely on the grounds that Defendants have failed to appear at the hearing or otherwise respond to their motion. (Doc. No. 103 at 2.) In support, Plaintiffs cite several unpublished district court cases from outside this circuit. (Id.) The Court finds these cited cases unpersuasive, as they do not concern preliminary injunctions directed at protecting a potential future damages remedy. See Mejia v. Comonfort, No. 10-05767, 2010 WL 5818288 at *6 (C.D. Cal. Nov. 15, 2010) (noting in dicta that the court previously issued a preliminary injunction enjoining the defendant from renting a certain apartment to anyone other than plaintiff); Ashford v. East Coast Exp. Evication, No. 06-1561, 2010 WL 788221 at *1 (D.D.C. March 5, 2010) (preliminary injunction enjoining defendants from violating federal and state minimum wage and antitrust laws); Twelve John Does v. Dist. of Columbia, 117 F.3d 571, 577 (D.C. Cir. 1997) (protective order in class action challenging prison conditions at a District of Columbia prison). Thus, the Court rejects as

9

without support Plaintiffs' argument that the failure of Defendants to appear in opposition warrants injunctive relief.

## III. CONCLUSION

Plaintiffs fail to demonstrate to the Court that it should enter a preliminary injunction enjoining any potential sale of the property at issue in this case. Although the Court finds that Plaintiffs are likely to succeed on the merits of their claims against Defendant 1450 Hospitality, Plaintiffs have not presented sufficient facts showing either irreparable injury or unnecessary harm. Accordingly, the Court declines to issue the requested preliminary injunction. An order consistent with this memorandum follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ACCOR FRANCHISING NORTH AMERICA, LLC, et al.,** : <br> **Plaintiffs** : <br> : <br> v. : <br> : <br> **HI HOTEL GROUP, LLC, et al.,** : <br> **Defendants** : | No. 1:11-cv-02176 <br><br> (Chief Judge Kane) |

# ORDER

**AND NOW**, on this 27th day of August 2013, **IT IS HEREBY ORDERED THAT**

Plaintiffs' motion for a preliminary injunction (Doc. No. 88) is **DENIED**.

                                                s/ Yvette Kane
                                                Yvette Kane, Chief Judge
                                                United States District Court
                                                Middle District of Pennsylvania