**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| G6 HOSPITALITY, <u>et al.</u>, | : | |
|     **Plaintiffs** | : | No. 1:11-cv-02176 |
| | : | |
|     v. | : | |
| | : | (Judge Kane) |
| HI HOTEL GROUP, LLC, <u>et al.</u>, | : | |
|     **Defendants** | : | |

<u>**MEMORANDUM**</u>

Before the Court is Plaintiffs' "motion <u>in limine</u> to preclude Defendants' fraudulent inducement of contract defense as barred by Texas law," which asks the Court to rule that the Defendants are barred from introducing evidence concerning alleged promises not included in the parties' written franchise agreement.  (Doc. No. 142.)  For the reasons that follow, the Court will grant the motion.

**I.      BACKGROUND**

On November 21, 2011, Plaintiffs filed the above-captioned action, alleging that Defendants HI Hotel Group, LLC and 1450 Hospitality PA, LLC, along with their members, Defendants Navnitlal Zaver, Shailesh Patel, Priyesh Shah, and Indrajit Patel, infringed Plaintiffs' Motel 6 trademarks.  (Doc. No. 1.)  Plaintiffs' claims included breach of contract against Defendants HI Hotel Group, Shailesh Patel, and Navnitlal Zaver.  (<u>Id.</u>)

With the trial date looming, Plaintiffs filed a "motion <u>in limine</u> to preclude Defendants' fraudulent inducement of contract defense as barred by Texas law."  (Doc. No. 142.)  Plaintiffs object to an anticipated affirmative defense by Defendants HI Hotel Group, Shailesh Patel, and Navnitlal Zaver to the breach of contract claim.  Specifically, Plaintiffs object to the presentation of evidence setting forth that (1) the Plaintiffs allegedly promised these Defendants that a

1

competing Motel 6 would close down, and (2) that the Defendants would have a right of first

refusal to buy the competing motel, none of which was memorialized in the written contract.

(Id.) Plaintiffs argue that this fraudulent inducement defense is not available under Texas law

because the franchise agreement between the parties contained a disclaimer-of-reliance

provision.[1] They accordingly ask that the Court preclude Defendants from offering evidence

relating to these alleged extra-contractual assurances. (Id.) The motion is fully briefed and ripe

for disposition**.**

## II.     DISCUSSION

In their motion, Plaintiffs contend that under Texas law, fraudulent inducement claims

are barred where the parties' contract contains an express disclaimer of reliance on extra-

contractual representations. (See Doc. No. 142 at 3.) The franchise agreement in this case

contains such a clause. (Id.) Defendant Zaver filed a brief in opposition, in which he argues that

the Defendants never intended to bring a fraudulent inducement defense, and that such a defense

is not raised in any of his filings. (Doc. No. 154.) Rather, Defendant Zaver categorizes this

defense as relating to Plaintiffs' "breach of good faith and fair dealing." (Id.) Defendant Zaver

also acknowledges that there is a question as to whether Pennsylvania or Texas law will govern

the dispute, and insists that "Pennsylvania law plainly permits this defense and Texas law does

not preclude the arguments raised by Defendant Zaver in this matter." (Id.) Notably, however,

Zaver does not actually advocate for either state as the appropriate forum. Plaintiffs respond that

the distinction is irrelevant, as neither Texas or Pennsylvania recognizes a duty of good faith and

---

[1] A clause in the franchise agreement provides that it would be governed by Texas law.
(Doc. No. 142 at 2.) ("[T]he entry into, performance and interpretation of this Franchise
Agreement shall be governed, construed and interpreted by the laws of the State of Texas[.]")

fair dealing in franchise agreements.  (Doc. No. 163.)  The Court will begin by addressing whether it will apply Pennsylvania or Texas law to the contract dispute.

### A.      Choice of Law

Neither party provided much briefing on the issue of choice of law.  In their filings, Plaintiffs generally appear to assume that Texas law will apply.  While Defendant Zaver acknowledges that whether Pennsylvania or Texas contract law applies is "for the Court to determine," he presents no argument or advocacy in support of either state's law. (See Doc. No. 82 at 15)

When federal jurisdiction is based on diversity of citizenship, the Court must apply the choice-of-law rules of the state in which it sits.  St. Paul Fire & Mar. Ins. Co. v. Lewis, 935 F.2d 1428, 1431 n.3 (3d Cir. 1991).  Under Pennsylvania choice-of-law rules, "the first question to be answered in addressing a potential conflict of laws dispute is whether the parties explicitly or implicitly have chosen the relevant law."  Assicurazioni Generali, S.P.A. v. Clover, 195 F.3d 161, 164 (3d Cir. 1999).  "Pennsylvania courts generally honor the intent of the contracting parties and enforce choice of law provisions in contracts executed by them."  Kruzits v. Okuma Mach. Tool, Inc., 40 F.3d 52, 55 (3d Cir. 1994) (citing Smith v. Commonwealth Nat. Bank, 557 A.2d 775, 777 (Pa. Super. Ct. 1989)).

A choice-of-law clause may be invalidated, however, if (1) the chosen state lacks a substantial relationship to the parties or the transaction, or (2) if application of the law of the chosen state would be contrary to a fundamental policy of a state with a materially greater interest than the chosen state in the determination of the particular issue.  Kruzits, 40 F.3d at 55; Schifano v. Schifano, 471 A.2d 839, 843 n.5 (1984).  Here, the parties elected that Texas law

would govern the application of the franchise agreement, and Court must determine whether the choice-of-law provision should be invalidated for either of these preceding reasons.  The Court concludes that the choice-of-law provision should be upheld, and Texas law should govern the contract dispute.

First, the Court finds that Texas has a substantial relationship to the parties and transaction because, although the hotel at issue was located in Pennsylvania, the Plaintiff corporations have their principal place of business in Texas.  (Doc. No. 1.)  See SKF USA Inc. v. Okkerse, 992 F.Supp. 2d 432, 439 (E.D. Pa. 2014)  ("It is well settled that when a [plaintiff] corporation has a principal place of business within a state, that state bears a substantial relationship to the parties.").  The parties do not provide any detail about where the franchise agreement was executed or any other potentially pertinent factors.  Accordingly, there is nothing suggesting that Texas' relationship to the parties and transaction is insubstantial enough that the Court should invalidate the choice-of-law provision on this basis.  See Gay v. Credit Inform, 511 F.3d 369, 389 90 (3d Cir. 2007) (quoting Churchill Corp. v. Third Century, Inc., 578 A.2d 532, 537 (Pa. 1990)) ("Pennsylvania courts will uphold choice-of-law provisions in contracts to the extent that the transaction bears a reasonable relation to the chosen forum.").

As to the next question – whether application of the choice-of-law provision would be contrary to a policy of a state with a materially greater interest than the chosen state in determining a particular issue – neither party has raised any arguments on this point, and the Court cannot conclude Pennsylvania has a materially greater interest than Texas – the principal place of business of Plaintiffs – in resolving the breach of contract claim.  See Hopkins v. GNC Franchising, Inc., No. 05-1510, 2006 WL 2266253, at *4 (W.D. Pa. Jan. 13, 2006) (noting that a

corporation "has an interest in uniformity in dealings with its franchisees who are scattered in numerous states throughout the country, [it provides] a strong public policy reason in support of upholding [a] forum selection clause.").  Moreover, even if Pennsylvania <u>does</u> have a materially greater interest in the dispute, the parties identify no fundamental Pennsylvania policy to which application of Texas law would run contrary.[2]  Because no party has produced any grounds for overriding the choice of law clause, the Court will defer to Pennsylvania's policy of generally upholding choice of law provisions and will apply Texas law to the parties' breach of contract dispute.

**B.     Availability of Defendants' defenses under Texas law**

Although Defendant Zaver characterizes his affirmative defense as a "breach of the duty of good faith and fair dealing" rather than "fraudulent misrepresentation" (Doc. No. 154 at 2), to the extent that any Defendants contend that they relied on extra-contractual statements by the Plaintiffs concerning the franchise agreement, the Court finds that Plaintiffs are correct that such a defense is barred under Texas law.  The Texas Supreme Court, noting that "after-the-fact

---

[2]  Defendant Zaver is primarily concerned with the availability of his asserted "breach of good faith and fair dealing" defense regarding the formation of the franchise agreement.  (Doc. No. 154.)   However, it appears that defense is not available to Defendants under the law of either state.  In Pennsylvania, the duty is "applicable only in the context of an attempt on the part of the franchisor to terminate its relationship with the franchisee."  <u>Witmer v. Exxon Corp.</u>, 434 A.2d 1222, 1227 (Pa. 1981); <u>Myers v. Jani-King of Phila., Inc.</u>, No. 09-1738, 2012 WL 6058146, at *7 (E.D. Pa. Dec. 5, 2012) (collecting cases).  As will be discussed <u>infra</u>, a good faith and fair dealing defense is also unavailable to these Defendants under Texas law.  <u>See</u> <u>Subaru of Am., Inc. v. David McDavid Nissan, Inc.</u>, 84 S.W.3d 212, 225 (Tex. 2002).

protests of misrepresentation are easily lodged, and parties who contractually promise not to rely on extra-contractual statements . . . should be held to their word," has held that clearly worded disclaimer-of-reliance provisions may preclude fraudulent inducement claims.  Forest Oil Corp. v. McAllen, 268 S.W.3d 51, 60 (Tex. 2008).  See also Schlumberger Tech. Corp. v. Swanson, 959 S.W.2d 171, 181 (Tex. 1997) ("[W]e hold that a release that clearly expresses the parties' intent to waive fraudulent inducement claims, or one that disclaims reliance on representations about specific matters in dispute, can preclude a claim of fraudulent inducement.").

The Forest Oil court was also careful to note, however, that its holding "should not be construed to mean that a mere disclaimer standing alone will forgive intentional lies regardless of context" and it accordingly "decline[d] to adopt a per se rule that a disclaimer automatically precludes a fraudulent-inducement claim."  Forest Oil Corp., 268 S.W.3d at 61.  Rather, that court outlined factors it used in considering whether a disclaimer-of reliance provision is binding, including whether: (1) the terms of the contract were negotiated, rather than boilerplate, and during negotiations the parties specifically discussed the issue which has become the topic of the subsequent dispute; (2) the complaining party was represented by counsel; (3) the parties dealt with each other in an arm's length transaction; (4) the parties were knowledgeable in business matters; and (5) the release language was clear.  Id.

Consideration of these factors is difficult here as neither party has offered argument on this topic.  The record is unclear, for example, as to whether Defendants were represented by counsel at the time at the franchise agreement.  Nevertheless, the Court finds that enforcement of the disclaimer of reliance provision is proper.  The Court is satisfied that the Defendant LLCs and their members are reasonably knowledgeable in business matters.  Most importantly, the

disclaimer of reliance language in the contract is clear and compares favorably with the disclaimer language enforced in <u>Forest Oil</u> and <u>Schlumberger</u>.[3]  The Texas Supreme Court in <u>Forest Oil</u> justified its rule that a disclaimer-of-reliance was not <u>per se</u> enforceable on the grounds that "facts may exist where the disclaimer lacks 'the requisite clear and unequivocal expression of intent necessary to disclaim reliance' on the specific representations at issue." <u>Forest Oil Corp.</u>, 268 S.W.3d at 60 (quoting <u>Schlumberger</u>, 959 S.W.2d at 179).  Here, however, Defendant Zaver offers <u>no</u> facts from which the Court can conclude that this disclaimer lacked the clear and unequivocal expression of intent.   Accordingly, Defendants are precluded from arguing they relied on extra-contractual statements concerning the franchise agreement.

Indeed, Defendant Zaver does not actually argue that the disclaimer-of-reliance provisions should not be enforced; rather, he denies that he seeks to raise a fraudulent inducement defense at all.  (Doc. No. 154.)  He instead asserts that his "related affirmative defense deals with Plaintiffs' breach of their duty of good faith and fair dealing."  (<u>Id.</u> at 2.) Similarly, however, any attempt to characterize his anticipated defense in this manner is futile as Texas does not recognize a duty of good faith and fair dealing in a franchise agreement like the one at issue here, where there is no special relationship between the parties.  <u>Subaru of Am., Inc. v. David McDavid Nissan, Inc.</u>, 84 S.W.3d 212, 225 (Tex. 2002) ("A common-law duty of good faith and fair dealing does not exist in all contractual relationships. Rather, the duty arises only when a contract creates or governs a special relationship between the parties. We have declined

---

[3] The parties' franchise agreement reads, in relevant part: "No representation, understanding or agreement, oral or written, have been made or relied upon in the making of this Franchise Agreement other than as specifically set forth herein . . . . Franchisee acknowledges that Franchisee has not received or relied on, any representation, warranty or guaranty, express or implied, whatsoever . . . ."  <u>See</u> Doc. No. 142 at 3.

to extend this common-law duty to all franchise agreements.") (internal citations omitted); Myers v. Jani-King of Philadelphia, Inc., No. 09-1738, 2012 WL 6058146, at *7 (E.D. Pa. Dec. 5, 2012) (finding that a breach of good faith and fair dealing claim concerning a franchise agreement was barred under Texas and Pennsylvania law).

The Court finds the additional cases cited by Defendant Zaver concerning the admission of the alleged extra-contractual assurances unpersuasive. (See Doc. No. 82 at 14.) First, the two cases he cites for the proposition that a contract may be excused based on misrepresentations and accompanying failure of consideration make no reference to a disclaimer-of-reliance provision. See Holloway v. Dekkers, 380 S.W.3d 315, 320 (Tex. App. 2012); City of The Colony v. N. Texas Mun. Water Dist., 272 S.W.3d 699, 725 (Tex. App. 2008). Here, the alleged promises were not part of the written franchise agreement. He also cites Formosa Plastics Corp. USA v. Presidio Engineers & Contractors, Inc., 960 S.W.2d 41, 47 (Tex. 1998) for the proposition that Texas "recognizes a claim for rescission based on a promise made with no intention of performing irrespective of whether the promise is later subsumed in a contract that includes a merger clause." (Doc. No. 82 at 14.) However, Formosa was primarily concerned with whether allegations of fraudulent inducement sounded in contract or tort, and it contained no discussion as to what effect a disclaimer-of-reliance provision would have on the parties' fraud dispute. Rather, the rule as set forth in Forest Oil and Schlumberger controls the Court's analysis here. See McLernon v. Dynegy, Inc., 347 S.W.3d 315, 328 (Tex. App. 2011) (citing Formosa for the proposition that a contract may be subject to avoidance on the grounds of fraud, but nevertheless applying Forest Oil and holding that the defendant's fraudulent misrepresentation affirmative defense was preempted by the disclaimer provisions in the contract).

8

Thus, it appears to the Court that all of Defendants' asserted defenses relying on the alleged extra-contractual assurances are barred by Texas law.  Federal Rule of Evidence 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Defendant Zaver has not demonstrated that his defenses concerning extra-contractual promises are viable, and the Court therefore agrees with Plaintiffs that the danger of prejudice or confusion arising from evidence of the alleged extra-contractual promises substantially outweighs their probative value.  Accordingly, Defendants are barred from introducing evidence concerning these alleged promises, and the Court will grant the Plaintiffs' motion in limine.  An order consistent with this memorandum follows.